IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DENVER W. BLEVINS,            )
                              )
          Plaintiff,          )
                              )
     v.                       )     1:16CV1208
                              )
FRANK PERRY, et al.,          )
                              )
          Defendant(s).       )


ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with the $400 filing fee and an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

2. Plaintiff's claims appear barred in large part, if not completely, by the applicable three-year statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). Many of them are also barred from being brought in a § 1983 action because they constitute attacks on Plaintiff's criminal convictions. Heck v. Humphrey, 512 U.S. 477 (1994).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To the extent Plaintiff chooses to file a new Complaint, the Court also notes that it appears that the potential defendants are all located in either the Eastern or Western Districts of North Carolina. The events challenged in the Complaint are alleged to have occurred in those Districts as well. Therefore, it appears that venue would be proper in those Districts, and Plaintiff may obtain forms and instructions from the Clerk's Office for filing in those Districts. See 28 U.S.C. § 1391(b). The addresses are: 310 New Bern Avenue, Room 574, Raleigh, NC 27601 for the Eastern District, and Room 210, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202 for the Western District.[1]

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk will return Plaintiff's $400.00 filing fee.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to return Plaintiff's $400.00 filing fee.

---

[1] If Plaintiff chooses to re-file his complaint here in this District, he should correct all of the matters noted above and should also include a statement addressing the proper venue in this case, for the Court's consideration in determining whether this case must be transferred to a proper district pursuant to 28 U.S.C. § 1406.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms and in a correct district, which corrects the defects cited above.

This, the 26th day of October, 2016.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

3

Case 1:16-cv-01208-NCT-JEP   Document 3   Filed 10/26/16   Page 3 of 3